# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN COULTER, | )<br>) |
| Plaintiff, | ) Civil Action No. 15-967<br>) |
| v. | ) Judge Cathy Bissoon<br>) |
| JAMES P. COULTER, | )<br>) |
| Defendant. | ) |

## ORDER DISMISSING CASE

Plaintiff's Response (Doc. 3) to the Court's Order to Show Cause is insufficient to carry her burdens regarding the existence of subject matter jurisdiction. *See* Order to Show Cause dated Aug. 18, 2015 (Doc. 2, hereinafter "the SCO"). The analyses in the SCO hereby are incorporated into this Order, as if fully restated.

The Court already has held that Plaintiff is subject to a presumption in favor of an established domicile (Pennsylvania) over a new one (New Jersey). *Id.* at 2. To demonstrate that her domicile did, in fact, change, Plaintiff was required to show two things: that she has taken up a true, fixed and permanent home and place of habitation outside of Pennsylvania; and that she intends to stay there. *See* SCO at 1-2 (citing McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006)). Plaintiff's Response, signed subject to the mandates of Federal Rule of Civil Procedure 11, establishes neither.

As to her residency in New Jersey, Plaintiff explains to this Court -- whose locus, in her view, falls outside "a genuine Metropolitan Area" -- how the greater-Philadelphia metropolitan

area should be understood. *See* Pl.'s Resp. at 1-3.[1] In the course of her explanation, Plaintiff makes clear that her current place of habitation is the greater-Philadelphia area, much of which, of course, falls in Pennsylvania. *See id.* Indeed, Plaintiff represents herself as having "moved to Philadelphia," and she indicates that "the majority of [her] friends and in many cases, business connections, are still based in the western [*i.e.*, Pennsylvania] side of the river." *See id.* at 2-3.

The Court understands the geography of Philadelphia, and the fact that Plaintiff purportedly resides on the "New Jersey-side" of the city is not determinative of the domicile inquiry.[2] Rather, the appropriate inquiry is whether Plaintiff credibly has manifested her intention of making New Jersey her true and fixed place of habitation. Her explanations regarding the geographic fluidity of the greater-Philadelphia area do not establish, by a preponderance of the evidence, that she is domiciled in New Jersey.

More importantly, Plaintiff's written statements, again, signed subject to the mandates of Rule 11, make abundantly clear that she does not view her New Jersey-residence as a place of permanent habitation. Rather, her Response notes, not once but twice, that she is "planning another [geographic] move in the relatively near future." *Compare id.* at 3 *and id.* at 4 (contemplating "[her] next move") *with* McCann at 286 (an individual's true domicile is "[a] fixed and permanent home and place of habitation, . . . the place to which, whenever [she] is absent, [she] has the intention of returning"). Whether Plaintiff intends to move, or since has moved, to Pennsylvania, New Jersey or any other state is immaterial. What matters is that Plaintiff, by her own admission, does not view her current residence as a fixed and permanent

---

[1] Although immaterial to the Court's legal analyses, the undersigned is no stranger to major metropolitan areas, having been born and raised in Brooklyn, New York. In addition, the notion of a multi-state area is not foreign to Pittsburgh natives, as the city is located near a tri-state area of its own, encompassing Pennsylvania, Ohio and West Virginia.

[2] The Court says "purportedly," because Plaintiff refuses to identify an address-of-residence in New Jersey. *See* Pl.'s Resp.

2

home and place of habitation. Under the circumstances, Plaintiff has not overcome the presumption in favor of her continued-domicile in Pennsylvania, nor has she carried her burden of persuasion as the proponent of federal subject-matter jurisdiction.[3]

In light of the foregoing, this case is **DISMISSED WITH PREJUDICE** for want of subject matter jurisdiction, and Defendant's Motion to Dismiss (**Doc. 5**) is **DENIED AS MOOT**.

IT IS SO ORDERED.


April 22, 2016                                                s\Cathy Bissoon
                                                              Cathy Bissoon
                                                              United States District Judge

cc (via First-Class U.S. mail):

Jean Coulter
3000 Chestnut Street
PO Box 8094
Philadephia, PA  19101

---

[3] Although Plaintiff claims that Defendant, her brother, has argued in state court that she is a New Jersey resident, this is immaterial for the purposes of this Court's domicile analyses. Compare Resp. at 6 *with* McCann. That Plaintiff's drivers license, health insurance and library cards were issued by, and/or are affiliated with, New Jersey is inapposite, as is her allegedly paying income taxes there. *Cf. id.* at 4-5. These incidents do not contradict Plaintiff's clear assertion that she is a resident of the greater-Philadelphia area; that her residency on the "[east] side of the river" is, under her own reasoning, happenstance; and that her clear and unequivocal intention is to vacate her current residence, thereby defeating any suggestion of permanency. Finally, the Court notes that an examination of the objective indicia of domicile, as listed in the SCO, is rendered superfluous by Plaintiff's seemingly inadvertent admissions-against-interest as relates to subject matter jurisdiction. Even were the Court to consider the enumerated factors, a weighing of them would, at best, result in a "push." Factor (1) is neutral (given Plaintiff's anticipated relocation); factors (2), (3) and (9) favor Pennsylvania (given Plaintiff's admission that most of her contacts are on the Pennsylvania-side of the river); factors (4) and (7) are, based on the contents of Plaintiff's Response, inapplicable; and factors (5), (6) and (8) favor New Jersey. A weighing of these factors, in the Court's view, does not show Plaintiff to have satisfied her burden under the preponderance-of-the-evidence standard. As the Court already has explained, however, these discussions are beside the point, given Plaintiff's admissions of non-permanency and her intention to move.