IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN COULTER, | ) |
| Plaintiff, | ) Civil Action No. 15-967 |
| v. | ) Judge Cathy Bissoon |
| JAMES P. COULTER, | ) |
| Defendant. | ) |

## ORDER

Plaintiff's "Motion to Amend the Findings Issued April 22, 2016 Pursuant to Rule 52 and Rule 59" (Doc. 10) will be denied.

Federal Rule of Civil Procedure 52 does not apply. *See* O'Hara v. Comptroller of Maryland, 2016 WL 2760337, *1 (D. Md. May 21, 2016) (Rule 52 applies "[i]n an action tried on the facts without a jury or with an advisory jury," not to a dismissal for want of subject matter jurisdiction) (citations omitted).

As to Rule 59(e), Plaintiff is required to show: an intervening change in the controlling law; the availability of new evidence that previously was unavailable; or the need to correct clear error or prevent manifest injustice. Phelps v. Obama, 2016 WL 320648, *1 (M.D. Pa. Jan. 27, 2016) (citation to binding authority omitted). There has been no change in controlling law. Plaintiff has not, and cannot, show the existence of new evidence previously unavailable. Rather, she offers additional, self-serving statements that could, and should, have been raised sooner had she wished them to be considered. *See* Palladino v. Governor of Pa., 589 Fed. Appx. 61, 64 (3d Cir. Oct. 14, 2014) (Rule 59(e) is not a vehicle to "relitigate old matters [by]

present[ing] evidence that could have been offered earlier") (citation to binding authority omitted).

Finally, although the tone of Plaintiff's Motion makes clear her belief that error and injustice have resulted, there are no objective bases for such a finding.  Simply put, this Court owes an ever-present, independent duty to assure itself that subject matter jurisdiction exists in the cases before it.  See Nesbit v. Gears Unlimited., Inc., 347 F.3d 72, 76-77 (3d Cir. 2003).  Here, the Court had reason to doubt the existence of such jurisdiction, and it explained to Plaintiff, in detail, the applicable legal and factual considerations.  Plaintiff was afforded an opportunity to present evidence and arguments, and she responded candidly, if inadvertently, with statements that precluded her from satisfying her legal burdens.

Plaintiff's dissatisfaction with the result provides no legal basis for revisiting the Court's ruling.  "A motion for reconsideration is not . . . a means to reargue matters already argued and disposed of or . . . to relitigate a point of disagreement between the Court and the litigant."  Phelps at *1 (citation to quoted source omitted).  Plaintiff's filing goes no further,[1] and, for all of the reasons stated above, her Motion (**Doc. 10**) is **DENIED**.

---

[1] Although the Court believes that Plaintiff's Motion best is framed within the context of Federal Rule 59(e), the result would be the same under Rule 60(b).  See generally U.S. v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (explaining "similar functions," but different "particular purpose[s]" of, Rules 59(e) and 60(b)).  Plaintiff has failed to demonstrate the applicability of any of the elements listed in the subsections of Rule 60(b), as defined and applied under controlling law.  The Court also finds an absence of extraordinary circumstances, as required under the "catchall" provision in Rule 60(b)(6).  Finally, the Court rejects Plaintiff's suggestion that the undersigned should have recused from this case.  Candidly, much of what Plaintiff says in this regard is, to the undersigned at least, unintelligible.  Cf., e.g., Pl.'s Mot. at ¶ 1 (referencing "crimes being committed against . . . Plaintiff, whenever the 'actor' is a Member of the Bar," and alleging misconduct by "the Chief Judge of the Third Circuit [sic]").  What the Court can discern, though, is Plaintiff's continuing dissatisfaction with the outcome in this case, see id. at ¶ 3, and that, of course, is insufficient.  See In re Gavett, 2011 WL 4599665, *2 (3d Cir. Oct. 6, 2011) ("a litigant's dissatisfaction with a judge's rulings does not require recusal") (citation omitted).

IT IS SO ORDERED.

June 2, 2016                                             s\Cathy Bissoon
                                                         Cathy Bissoon
                                                         United States District Judge

cc (via First-Class U.S. mail):

Jean Coulter
3000 Chestnut Street
PO Box 8094
Philadephia, PA  19101